PRESLEY VAN ZANDT v. THE STATE.

No. 19768.   Delivered May 25, 1938.
Rehearing denied June 22, 1938.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for two years.

An automobile driven by appellant collided with the car in which Mrs. Ethel Andrews and her husband were riding. Mrs. Andrews was instantly killed. The collision occurred at night on a public highway. Appellant was driving the car at a high rate of speed and was exhibiting no lights. The owner of the car, Sid Whitten, who was riding with appellant, was also killed. The uncontroverted testimony was to the effect that appellant and Whitten were drunk.

The indictment charged that appellant operated the automobile while intoxicated and that "through mistake and accident he killed Ethel Andrews by then and there driving said automobile into and causing it to collide with the automobile in which the said Ethel Andrews was riding and then and thereby causing the death of the said Ethel Andrews."

Appellant contends that the evidence is not sufficient to warrant the conclusion that he was the driver of the car on the occasion of the collision. It appears from the testimony that a short time before the collision appellant drove Whitten's

automobile to a filling station and bought some gasoline. Whitten was unconscious at the time. After the collision appellant and Whitten were found lying on the highway near the wrecked car. The front seats of the automobile were in the road. A witness testified: "Van Zandt [appellant] was lying under the left hand seat of the car, which would be the driver's seat. These seats were still fastened together. They were still together on the sill on which they were mounted. * * * I saw the defendant, Presley Van Zandt, later that night at the doctor's office. He was the same one that was under the driver's seat."

We deem the evidence sufficient.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant complains in his motion relative to the sufficiency of the evidence, it being circumstantial, to establish the fact that appellant was the driver of the car that was in this collision that caused the death of Mr. Whitten and Mrs. Andrews.

Mr. Henry Sower testified that just after sundown the appellant and Sid Whitten stopped at his filling station and appellant purchased six gallons of gas, but appellant only had forty cents, and he got the money out of Mr. Whitten's pocket and paid for the gas. Mr. Whitten had passed out; he was unconscious at such time. Appellant was driving the car when they came up and also driving when they left. Appellant said Mr. Whitten was sick. Witness again saw appellant twenty or thirty minutes after this; he was still driving the car. He did not see him when the car left; he did not know whether Mr. Whitten was still in the car the last time or not.

We here observe that soon thereafterwards, about a mile and a half from town, this collision occurred. After the collision the whole front seat frame appears to have been thrown from the car, back and all, and appellant was found on the left side of such front seat, and Mr. Whitten's badly broken body was found on the right side of such seat, evidently the way they had been sitting in the car at the time of the accident.

It seems to us that this testimony is sufficient to exclude

every other reasonable hypothesis than that the appellant was the person driving the automobile at the time of the collision. It would be unreasonable, so we think, to say that Mr. Whitten had recovered sufficiently to have taken the wheel and driven this car at the time of the accident, when but a short time prior thereto he was unconscious, and had passed out, unable even to go into his own pocket. It would further be unreasonable to say that in the terrific impact of the collision, strong enough to throw the entire front seat, back and all out of the car, that such impact would practically reverse the position in which the occupants of such car were sitting at the time of the accident; that is to say, that Mr. Whitten would be thrown into Mr. Van Zandt's seat, and Mr. Van Zandt thrown into Mr. Whitten's seat. We are not in accord with such reasoning. We think such is an unreasonable hypothesis. Appellant would leave the inference that Mr. Whitten was the unfortunate driver, and Mr. Whitten met his death there and could not answer. We think the reasonable hypothesis has been found by the jury; that Mr. Whitten continued to be unconscious, and appellant continued to drive, just like the testimony shows they were seen to do a short time before the accident. It is only necessary that circumstantial evidence exclude every other reasonable hypothesis. See Branch's Penal Code, Section 1874, p. 1040. This we think has been done in this case.

The motion for rehearing is overruled.